at October term, 1821, subject to the opinion of the court upon a case stated. Before any argument upon the points reserved, the cause was continued to April term, 1822, and argued on the 2d of May, and also on a subsequent day. The court, on the 7th of June, 1822, rendered judgment for the plaintiff upon the case stated.

In the intermediate time, viz. on the 24th of April, 1822, King and Langley recovered a judgment against the same defendant, (Joseph Walker,) and the marshal levied the fieri facias upon the defendant's land, and made the money. The Bank of the Metropolis obtained a rule upon the marshal to show cause why he should not pay over to that bank the money which he had thus made out of the defendant's real estate upon the fieri facias in favor of King and Langley, and upon the ground that the judgment in favor of the bank, upon the case stated, related back to the time of the finding of the verdict at October term, 1821, and overreached the judgment in favor of King and Langley, rendered on the 24th of April, 1822.

In support of this idea, Mr. Ashton, for the bank, cited the case of Perry v. Wilson, 7 Mass. 395, where a case was ordered by the court to stand over for advisement, and the defendant died. The court said that they would take care that the plaintiff should not suffer by the delay of the court, and ordered the judgment to be entered as of the preceding term.

Mr. Morfit, contra, cited Taylor v. Harris, 3 Bos. & P. 549, and Welsh v. Murray, 4 Dall. [4 U. S.] 320.

THE COURT discharged the rule, being of opinion that the judgment did not relate back to the verdict; no argument having been had upon the case stated, nor had it been submitted to the court before the cause was continued, by consent from October term, 1821, to April term, 1822. It was not continued under cur. ad. vult.

---

## Case No. 905.

BANK OF THE STATE OF SOUTH CAROLINA v. BICKNALL et al.

[43 Hunt, Mer. Mag. 586.]

Circuit Court, D. Rhode Island. June Term, 1858.

EQUITY — BILL TO COMPEL DELIVERY OF COTTON.

This was a suit in equity brought to compel the defendants [Bicknall and Skinner] to deliver up a quantity of cotton shipped to them for sale by Michael Lazarus, of Charleston, under whom the bank claimed, the complainants offering to deliver up to the defendants the bills accepted by them which had been drawn against the shipment. The bill sustained as to a portion of the specific cotton admitted to have been in the hands of the defendants at the date of the commencement of the suit; and decree for the plaintiffs accordingly.

[NOTE. The facts of this case were similar to those in Bank of South Carolina v. Bicknell, Case No. 898, except that the bill in that case was brought to recover upon a policy of insurance upon certain cotton lost by perils of the sea, while in this case the bill is brought to recover possession of the cotton itself. Nowhere more fully reported; opinion not now accessible.]

---

## Case No. 906.

BANK OF THE UNITED STATES v. ABBOTT.

[3 Cranch, C. C. 94.] [1]

Circuit Court, District of Columbia. May Term, 1827.

NEGOTIABLE INSTRUMENTS—EXTENSION OF TIME—DISCHARGE OF INDORSER—EVIDENCE — DEMAND AND NOTICE.

1. After demand and notice to the indorser, the plaintiff may agree to give time to the maker of the note, without discharging the indorser.

[Cited in Bank of U. S. v. Macdonald, Case No. 925.]

2. The testimony of the notary, that he demanded of the maker payment of the note on the third day of grace, and gave notice to the indorser of the non-payment on the third and also on the fourth day, is competent evidence of demand and notice, although the witness does not recollect the day of the month on which such demand was made and such notice given.

[See Coyle v. Gozzler, Case No. 3,312; M'Lemore v. Powell, 12 Wheat. (25 U. S.) 557.]

At law. Assumpsit against the indorser of Rind's promissory note.

J. Dunlop, for the defendant, prayed the court to instruct the jury, that if they should find, from the evidence, that the bank, after the demand and notice to the defendant, agreed to give time to the maker, who had previously given a deed of trust to secure the bank, the defendant was discharged from his liability; which instruction THE COURT (THRUSTON, Circuit Judge, contra) refused to give.

The witness, Brooke Mackall, the notary, testified that he made the demand on the third day of grace, and gave notice to the indorser on the third, and also on the next day thereafter; but on cross-examination said he could not recollect the days of the month and year, without reference to his notarial book, which was in the hands of the plaintiffs, and was not in court, or to certain copies from that book, which were in the hands of the plaintiff's counsel; but he testified positively that he had a distinct recollection, independently of his book, that it was on the third and fourth days of grace.

Mr. Dunlop moved the court to instruct the jury, that the testimony of Mr. Mackall was not competent evidence of demand and notice; which instruction THE COURT (THRUSTON, Circuit Judge, contra) refused to give.

Verdict for plaintiff, $2,563.

[1] [Reported by Hon. William Cranch, Chief Judge.]